THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CARTER STEWART, | ) | Case No. 2:15CV00552-DS |
| Plaintiff, | ) | |
| vs. | ) | MEMORANDUM DECISION AND ORDER |
| | ) | |
| IM FLASH TECHNOLOGIES, LLC, | ) | |
| Defendants. | | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**I.  INTRODUCTION**

On April 29, 2015, the EEOC mailed to Plaintiff, and to Plaintiff's attorney of record, a Dismissal and Notice of Rights letter (the "Notice") informing him that he must file any lawsuit based on the claims in that charge within 90 days.  Plaintiff contends that he never received the Notice directly from the EEOC because it was not sent to his correct home address.   He acknowledges, however, that the Notice  was received by his  former attorney on May 5, 2015, and on that same day his former attorney mailed it to him. Plaintiff claims that he received the Notice three days later on May 8, 2015.

Plaintiff filed his initial complaint in this court on August 4, 2015.  His amended complaint asserts four claims for relief allegedly arising out of his employment with Defendant IM Flash Technologies, LLC ("IM Flash") : (1) employment discrimination under

Title VII, (2) violation of the ADA, (3) sexual harassment under Title VII, and (4) negligent infliction of emotional distress.[1]

Under Federal Rule of Civil Procedure 12(b)(6), IM Flash moves to dismiss the Amended Complaint because Plaintiff's federal law discrimination claims are untimely, and because his state law claim is preempted. Because matters outside the pleadings have been presented by the parties which will not be excluded by the Court, the Motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d).[2]  For the reasons that follow, the Court will grant Defendant's converted Motion for Summary Judgment.

## II.  SUMMARY JUDGEMENT STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper only when the pleadings, affidavits, depositions or admissions establish there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law. The burden of establishing the nonexistence of a genuine issue of material fact is on the moving party.[3] *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). This burden has two distinct components:  an initial burden of production on the moving party, which burden when satisfied shifts to the nonmoving party, and an ultimate burden of persuasion, which always

---

[1] The Amended Complaint lists a first, second, fourth, and fifth claim for relief, omitting a third claim for relief. The Court, as did Defendant, presumes that reference to a fifth claim for relief is in error, as there are only four claims asserted.

[2] By Order dated April 4, 2016, the parties were given until April 15, 2016, to present any additional material they wished the Court to consider in light of conversion of the Rule 12(b)(6) motion to dismiss to one for summary judgment under Rule 56.

[3] Whether a fact is material is determined by looking to relevant substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242.

remains on the moving party.  *See* 10A C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2727 (2d ed. 1983).

The central inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Id*.  If the nonmoving party cannot muster sufficient evidence to make out a triable issue of fact on his claim, a trial would be useless and the moving party is entitled to summary judgment as a matter of law.  *Celotex*, 477 U.S. 242.

### III.  DISCUSSION

**A.  Timeliness of Plaintiff's Federal Statutory Claims**

It is undisputed that Mr. Stewart had ninety days after receipt of the Notice in which to file suit on his three federal statutory claims.  The "Supreme Court has established a presumption that a claimant receives a right-to-sue letter three mailing days after the date on the notice."  *Barrett v. Rumsfeld,*, 158 Fed. Appx. 89, 92 (10th Cir. 2005)(citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n.1 (1984)).  However, it is also undisputed that the Notice lists an incorrect home address for Plaintiff.[4]  Thus, there is no evidence and, therefore, no presumption that Plaintiff ever received the Notice directly from the EEOC.

Nevertheless, the Notice, which has a date mailed stamp of April 29, 2015, raises the presumption that it was received by Vincent Stevens, Plaintiff's former attorney, on

---

[4] The Charge of Discrimination incorrectly lists Plaintiff's home address as 1282 Shore Drive, Cascade, UT 83611.  Plaintiff admits that he signed the Charge of Discrimination certifying under penalty of perjury that the information, including his address, was true and correct.  Plaintiff now states that he did not notice that his listed address was incorrect.

May 2, 2015, three days after it was mailed.  Plaintiff offers no representation or evidence that he notified the EEOC of any change in counsel and, therefore, receipt of the Notice by his former attorney is imputed to Plaintiff.[5]  See *Mosley v. Pena*, 100 F.3d 1515, 1518 (10th Cir. 1996)(where a plaintiff "fail[s] to notify the EEOC that she was no longer represented by counsel, notice to her former attorney is properly imputed to her").

"Because the presumption is rebuttable, however, evidence denying receipt creates a credibility issue that must be resolved by the trier of fact." *Witt v. Roadway Express*, 136 F.3d 1424, 1429 -1430 (10th Cir.), *cert denied*, 525 U.S. 881 (1998)  A legal assistant of Plaintiff's former attorney states that the Notice was received in that office on May 5, 2015, and that she mailed a copy of it to Plaintiff that same day.  Declaration of Erin Poole. Because evidence that the Notice was not received until May 5, 2015, has been presented and must be resolved by the trier of fact, Defendant cannot prevail at this time on his position that the Notice was received by Plaintiff's former counsel on May 2, 2015, three days after mailing.

However, the Court agrees with Defendant that even using May 5, 2015, as the Notice receipt date, the Complaint is one day late and, therefore, untimely.  Plaintiff acknowledges that if May 5, 2015, is the Notice receipt date, he was required to file his Complaint by August 3, 2015.  This he failed to do.  The court docket reflects a filing date of August 4, 2015.  The Declaration of Bonnie Williams, a paralegal in the office of

---

[5] Plaintiff states that he was unaware of any obligation to notify the EEOC that his attorney had quit.

Plaintiff's counsel confirms that filing date.  Ms. Williams states, in part, as follows:

> 3.   On August 3, 2015, I prepared the Complaint and Civil Coversheet for filing with the U.S. District Court.  I emailed the Complaint and Coversheet on August 3, 2015 to the clerk's office so that they could assign a case number, a judge and account so that I could pay the filing fee. ....
>
> 4.   They did not send me an email with the ability to pay the filing fee until August 4, 2015, so that is when the Complaint received its file date.

Williams Decl. ¶¶ 3-4.  Plaintiff's referenced email reflects that it was sent at 4:56 p.m. on August 3, 2015, which was too late for processing under court rules.  For electronic filing of pleadings requiring a fee such as a complaint, the court's ECF Administrative Procedures Manual provides:

> In order to e-file a complaint and pay online, the clerk's office must first receive from the filing attorney the information necessary to open the case on the CM/ECF system.  Therefore, counsel must first email a copy of the civil coversheet and the complaint to utdecf_clerk@utd.uscourts.gov.
>
> The emailed complaint is for information purposes only and will not be filed by the clerk's office.  The complaint must be filed by counsel.  New cases will be processed until 4:00 pm Monday-Thursday and 3:30 pm on Friday each day the court is open.  New cases received after this time will be processed the following morning.
>
> After the case has been opened and a judge assigned, the filing attorney will be notified by email or telephone and shall electronically file the complaint and pay the filing fee through CM/ECM (and pay.gov).  In order to preserve the filing date, the electronic filing must occur on the same day that the case has been opened.  The case is not considered filed until the complaint has been efiled and the filing fee is paid. ....

District of Utah CM/ECF and E-filing Administrative Procedures Manual (2015), at V. B.1, (p. 17) available at http://www.utd,uscourts.gov.  The record is clear that Plaintiff's Complaint was not officially filed until August 4, 2015, one day beyond the 90 day limitation period.

Plaintiff's position that equitable tolling should be applied in this case is rejected.[6] "Equitable tolling may be appropriate where the defendant has actively misled the plaintiff respecting the cause of action, or where the plaintiff has in some extraordinary way been prevented from asserting his rights." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995)(internal quotation marks and citation omitted). *See also Martinez v. Orr*, 738 F.2d 1107, 1110 (10th Cir. 1984)(citation and internal quotation marks omitted)("time limits contained in Title VII will be tolled only where the circumstances of the case rise to a level of active deception sufficient to invoke the powers of equity); *see also Scott v. Boeing Co.*, 48 Fed Appx 730 (10th Cir. 2002)(applying same equitable tolling standards to both Title VII and ADA claims). Plaintiff's claims of difficulty in obtaining counsel and his misunderstanding or miscalculation of the 90 day limitation period fall short of establishing circumstances justifying equitable tolling.[7] There is simply no record evidence of active deception or extraordinary circumstances preventing Plaintiff from asserting his rights that would warrant equitable tolling.

---

[6]"Compliance with the filing requirements of Title VII is not a jurisdictional prerequisite, rather it is a condition precedent to suit that functions like a statute of limitations and is subject to waiver, estoppel, and equitable tolling." *Million v. Frank*, 47 F.3d 385, 389 (10th Cir. 1995).

[7]Plaintiff's claim that he "reasonably understood [ the Notice] to say that he had 90 days from the date he received it to file suit", Opp'n at 7 (Doc. #16), ignores the plain language of the accompanying EEOC letter which provides: "Please note that you have only 90 days from the date that delivery of the Notice was <u>attempted</u> at your last known address of record or 90 days of receipt of the Notice, whichever is earlier, to file suit ... or you will lose your right to file a lawsuit ...." Opp', Ex. 1 (Doc. #11). The Notice was sent to Plaintiff's purported last known address of record.


**B. Preemption of State Law Claim**

The Court also agrees with Defendant that Plaintiff's state law claim for negligent infliction of emotional distress is preempted by the Utah Anti-Discrimination Act ("UADA"), Utah Code Ann § 34A-5-1-1 *et seq.*, which "provides an administrative remedy for discrimination, retaliation, or harassment by an employer on the basis of sex, race, color, pregnancy, age, religion, national origin, or disability." *Gottling v. P.R. Inc.*, 61 P. 3d 989, 990 (Utah 2002). In *Gottling* the Utah Supreme Court held "that the plain language of [the UADA] reveals an explicit legislative intention to preempt all common law remedies for employment discrimination." *Id.* at 992. The Court found that the statute's structure and purpose "clearly manifests the legislature's intent to completely blanket the field of employment law in Utah." *Id.* at 994.

After reviewing the Amended Complaint, the Court concludes, as Defendant asserts, that Plaintiff's negligent infliction of emotional distress claim is grounded on the same alleged acts of harassment and discriminatory conduct as his employment discrimination claims and is precluded under the Utah Supreme Court's holding in *Gottling*. *See, e.g.*, Am. Compl. ¶¶ 110 -116. Plaintiff's exclusive remedy for his alleged injuries stemming from employment discrimination and harassment is an administrative claim under state law. *See also Giddings v. Utah Transit Authority*, 107 F. Supp 3d 1205, 1212 (D. Utah 2015)(finding claims such as negligence in failing to protect plaintiff from a harassing workplace, and negligence in hiring, supervision, and employment by failing to protect plaintiff from harms caused by alleged sexual harassment, were "grounded on allegations and injuries of discrimination and harassment based on gender" and "[a]s

such, they are common law claims which are precluded under the Utah Supreme Court's broad holding in *Gottling").*

## IV CONCLUSION

For the reasons stated, Defendant's Motion to Dismiss (Doc. #8) which the Court, after notice, converted to one for Summary Judgment, is granted. Accordingly, Plaintiff's Amended Complaint is dismissed with prejudice.

IT IS SO ORDERED.

        Dated this 20th day of April, 2016

                        BY THE COURT:

                        *David Sam*
                        DAVID SAM
                        SENIOR JUDGE
                        UNITED STATES DISTRICT COURT